Filed 5/1/14  P. v. Pfeifer CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059189 |
| v. | (Super.Ct.No. PEF001177) |
| DARRIN SCOTT PFEIFER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Darrin Scott Pfeifer appeals after the trial court denied his petition for resentencing under Penal Code section 1170.126, known as the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).[1] Defendant filed a notice of appeal on July 24, 2013.  We affirm.

PROCEDURAL BACKGROUND

On September 3, 1998, a jury convicted defendant of unlawful obstruction of a telephone line (§ 591, count 1), criminal threats (§ 422, count 2), and assault with a deadly weapon (§ 245, subd. (a)(1), count 3).  The jury also found true the allegation that defendant personally used a deadly or dangerous weapon in the commission of count 2. (§ 12022, subd. (b).)  Following a bifurcated trial on defendant's priors, the court found that he had two prior strike convictions (§§ 1170.12, subds. (a)-(d) & 667, subds. (b)-(i)) and that he served three prior prison terms (§ 667.5, subd. (b)).  On October 30, 1998, the court sentenced defendant under the three strikes law.  The court imposed 25 years to life on count 1, and imposed concurrent terms of 25 years to life on counts 2 and 3.  The court also imposed one year for each of the prison priors, plus one consecutive year on the weapon use enhancement on count 2, for a total state prison term of 29 years to life. The court subsequently stayed the sentence on the weapon use enhancement and reduced the total term to 28 years to life.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

On May 30, 2013, defendant filed an in pro. per. petition for resentencing under section 1170.126. The court denied the petition since defendant had a conviction for section 422, which made him ineligible for resentencing. (§ 1170.126, subd. (e)(1).) On June 27, 2013, defendant filed a request for the court to reconsider his sentence. The court denied the request.

On July 12, 2013, defendant filed a notice of appeal.

ANALYSIS

I. Appealability

As a threshold matter, we must address the People's argument that the trial court's order is not appealable under *People v. Leggett* (2013) 219 Cal.App.4th 846 (*Leggett*) and other cases. As both parties acknowledge, Courts of Appeal are split on the issue of whether an order on a postjudgment petition pursuant to section 1170.126 is an appealable order, and the issue is pending before the California Supreme Court. (See, e.g., *Teal v. Superior* Court (2013) 217 Cal.App.4th 308, reviewed granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth

3

Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In any event, we will review defendant's appeal.

II. <u>The Court Properly Denied Defendant's Petition for Recall of Sentence</u>

Defendant argues that he is entitled to resentencing because his conviction on count 1 for unlawful obstruction of a telephone line (§ 591) is not a serious or violent felony, and it is not a disqualifying conviction. In other words, defendant is only seeking resentencing on count 1, not on the other counts. We conclude that defendant is not eligible for resentencing.

A. *Relevant Law*

The Three Strikes Reform Act of 2012 (the Act) amended sections 667 and 1170.12 and added section 1170.12. (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167.) The Act changed the requirements for sentencing a third strike offender to an indeterminate term of 25 years to life. Under the original version of the three strikes law, a recidivist with two or more prior strikes who was convicted of any new felony was subject to an indeterminate life sentence. (*Ibid*.) "The Act diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor." (*Ibid*.) If these exceptions do not apply, then the court is to sentence the defendant as a second strike offender. (*Id*. at pp. 167-168.)

Section 1170.126 "establishes a procedure for qualified inmates serving indeterminate life sentences under the three strikes law to seek resentencing under the

4

terms of the amended law."  (*In re Martinez* (2014) 223 Cal.App.4th 610, 616

(*Martinez*).)  Section 1170.126, subdivision (e), states that an inmate is eligible for

resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed

pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section

1170.12 for a conviction of a felony or felonies that are not defined as serious and/or

violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses

appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of

subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of

paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in

clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or

clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12."

"If the court finds the defendant is eligible under section 1170.126, subdivision

(e), then it shall resentence the defendant unless it determines that resentencing the

defendant would pose an unreasonable risk of danger to public safety."  (*Martinez*, *supra*,

223 Cal.App.4th at p. 616; see also § 1170.126, subd. (f).)

B.  *The Court Properly Found That Defendant Was Ineligible for Resentencing*

Defendant essentially contends that, in determining his eligibility, the court should

have *only* considered his conviction on count 1 for unlawful obstruction of a telephone

line. (§ 591.) He asserts that this offense is neither a serious felony under section 1192.7, subdivision (c), nor a violent felony under section 667.5, subdivision (c). It is also not a disqualifying current conviction under section 1170.126, subdivision (e)(2). Defendant further notes that his prior strike convictions are not disqualifying prior convictions under section 1170.126, subdivision (e)(3). Defendant claims he should be allowed to be resentenced on a single count under section 1170.126 simply because the language of the Act does not bar such action. We disagree.

In *Martinez*, *supra*, 223 Cal.App.4th 610, the defendant made the same argument that defendant makes in the instant case. The defendant in *Martinez* was convicted of, among other offenses, inflicting corporal injury on a spouse (§ 273.5, subd. (a)) and spousal rape (§ 262, subd. (a)(1)). (*Id*. at p. 613.) The superior court denied his petition to recall his sentence, noting that he was ineligible because his current offenses were serious and violent felonies. (*Ibid*.) The defendant appealed the denial and argued that the court should have only considered his conviction for inflicting corporal injury on his wife (§ 273.5, subd. (a)). (*Id*. at p. 616.) He insisted that he was eligible for resentencing since that offense was not a serious or violent felony, and his prior strikes did not disqualify him under section 1170.126, subdivision (e)(3). (*Id*. at pp. 616-617.) The court contemplated the issue of whether a court, in considering a petition for resentencing under section 1170.126, "must consider all the offenses on which the petitioner was sentenced or consider each offense and related term of imprisonment separately." (*Id*. at p. 617.) The defendant argued that the court must take the latter approach. (*Ibid*.) The

6

court rejected the defendant's position, holding that, pursuant to the statutory language of section 1170.126, the trial court correctly considered all felonies under which the defendant received an indeterminate sentence. (*Id*. at p. 619.) The court pointed out that, in submitting a petition for recall of sentence, "a petitioner must disclose the offenses that led to his prior strikes and all of the currently charged felonies that resulted in an indeterminate life sentence under section 667, subdivision (e)(2) or section 1170.12, subdivision (c)(2)." (*Ibid*.; see also § 1170.126, subd. (d).) Thus, the defendant was required to list his convictions for inflicting corporal injury to a spouse and spousal rape "because the court sentenced him to consecutive indeterminate life sentences for each of those counts." (*Martinez*, at p. 619.) The court reasoned that, "[i]f the court was not to consider all the felonies that led to his sentence, there would be little need to require all of them to be listed." (*Ibid*.) The court further noted that spousal rape was one of the enumerated felonies that section 1170.126, subdivision (e)(2), deemed to render a petitioner ineligible for resentencing, if it was one of the offenses that led to the current sentence. (*Martinez*, at p. 619.) The court thus held that the defendant's conviction for spousal rape made him ineligible for resentencing under section 1170.126, subdivision (e)(1), as well as subdivision (e)(2). (*Martinez*, at p. 619.)

*Martinez* is directly on point. Section 1170.126, subdivision (d), provides that a petition for a recall of sentence "shall specify *all* of the currently charged felonies, which resulted in the [indeterminate life] sentence." (Italics added.) Accordingly, defendant here was required to list all of his offenses that resulted in his life sentence—unlawful

obstruction of a telephone line (§ 591), criminal threats (§ 422), and assault with a deadly weapon (§ 245, subd. (a)(1)). He did so. The court then properly considered all of these felonies. (See *Martinez*, *supra*, 223 Cal.App.4th at p. 620.) Defendant's conviction for criminal threats (§ 422) rendered him ineligible for sentencing under section 1170.126, subdivision (e)(1). (§ 1192.7, subd. (c)(38).) Thus, the court properly denied his petition for resentencing.[2]

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST<br>Acting P. J.

We concur:

KING
              J.

MILLER
              J.

---

[2] We note the People's additional argument that defendant was disqualified from resentencing relief because he was armed with a deadly weapon during the commission of his offenses, including the unlawful obstruction of a telephone line. However, in light of our conclusion *ante*, we decline to address this issue.